Appeal of WIGWAM AMUSEMENT CO.      Docket No. 180.

> A corporate taxpayer may not restore to its surplus in invested
> capital for 1917 and subsequent years an amount representing the
> unextinguished cost of a building demolished during the year
> 1912, which amount was charged off its books of account and
> claimed as a deduction from gross income in its tax return for that
> year.
>
> Depreciation in excess of the amount determined by the Com-
> missioner on the building erected in 1913 can not be allowed in the
> absence of any evidence justifying a greater allowance.

Submitted November 10, 1924; decided January 16, 1925.

*Justus Wardell, Esq.*, for the taxpayer.

*A. Calder Mackay, Esq.* (Nelson T. Hartson, Solicitor of Inter-
nal Revenue) for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH.

This appeal involves corporation income taxes for the years 1915
and 1916, and income and profits taxes for the years 1917 to 1920,
inclusive.

The taxpayer in its appeal relies upon three propositions—

1. That $30,000, the unextinguished cost of a building used in
carrying on a business and demolished and discarded in 1912, should
not have been deducted by taxpayer from its gross income as a loss
in that year.

2. That the Commissioner erroneously denied taxpayer's claim that
$30,000, the unextinguished cost of the building demolished in 1912,
should not have been deducted as a loss in that year and should be
restored to invested capital in computing the excess-profits tax
imposed in 1917 and subsequent years.

3. That the taxpayer is entitled to an allowance for depreciation
and obsolescence on a building constructed in 1913 in an amount
greater than that determined by the Commissioner.

From the evidence of record and the stipulation of the parties the
Board makes the following

FINDINGS OF FACT.

The Wigwam Amusement Co. is a California corporation with its
principal office at 2555 Mission Street, San Francisco, Calif.

On July 19, 1924, the Commissioner determined overassessments
for the calendar years 1915, 1916, 1917, and 1920 in the total amount
of $292.79 and a deficiency in respect to income and excess-profits

taxes due by the taxpayer for the calendar years 1918 and 1919 in the amount of $5,360.92, and proposed to assess the net deficiency of $5,068.13. An appeal from the determination of the Commissioner was filed with this Board on September 13, 1924.

The Wigwam Amusement Co. was incorporated under the laws of the State of California in November, 1906, for the purpose of operating a theater in the city of San Francisco. At the time of incorporation the incorporators turned over to the corporation in exchange for shares of stock certain assets of the value of $30,000. Among the assets so transferred to the corporation was a frame theater building. In 1906 the corporation leased for a period of five years the land at 2555 Mission Street, upon which was located the building taken over by it. At the termination of the five-year lease in 1911 the taxpayer exercised an option of renewal contained therein and entered into a new lease for a period of 20 years, to expire December 31, 1931. Under the terms of the new lease the lessee, this taxpayer, agreed to construct on the property a class A theater building of concrete and steel in place of the frame building then on it. The frame building was demolished and discarded in 1912. The $30,000 representing the unextinguished cost of the demolished building was charged off on its books of account and deducted as a loss in its return for the calendar year 1912. The construction of the new building, provided for in the lease entered into in 1911, was completed on July 23, 1913, at a cost of $74,350.16. The lease under which the new building was constructed provided that on December 31, 1931, the building constructed by the lessee should become the property of the lessor, who agreed to pay the lessee 60 per cent of its depreciated value at that time, such value, in the event the principals could not agree, to be determined by arbitrators.

The Commissioner, in computing the tax for the years involved, denied taxpayer's claim that the $30,000 representing the depreciated cost of the building demolished in 1912, should be restored to invested capital for 1917 and subsequent years during the term of the new lease entered into in 1911.

The Commissioner, in his determination of the deficiency, allowed the taxpayer depreciation on the building erected in 1913 in the amount of $2,506.72 per annum.

## DECISION.

On authority of the *Appeal of the First National Bank of Evanston, Wyo.*, 1 B. T. A. 9, it is held that the $30,000 representing the unextinguished cost of the building purchased by this taxpayer in 1906, which was demolished and discarded in 1912 and replaced by a new building, was a proper deduction as a loss in that year. The depreciated value of the building demolished being a deductible loss for 1912, can not be added to the amount expended in the construction of a new building in 1913 and included in invested capital of the corporation for 1917 and subsequent years, during the term of the new lease, in computing the profits taxes imposed for 1917 and subsequent years.

The evidence does not justify an allowance for depreciation and obsolescence on the building constructed in 1913 in an amount greater than that determined by the Commissioner.

The deficiency determined by the Commissioner is approved.